## In the District Court of the United States
## For the District of South Carolina
### BEAUFORT DIVISION

RECEIVED CLERK'S OFFICE

2008 JUN -2  P 12: 19

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

Russell Kevin Watson, #305925,  )
)  Civil Action No. 9:07-4043-GRA-GCK
        Plaintiff,  )
)
vs.  )  **REPORT OF MAGISTRATE JUDGE**
)
South Carolina Department of Corrections;  )
John Doe, in his individual and official  )
capacity; Warden Tim Riley, in his individual  )
and official capacity; J. C. Counts, in his  )
individual and official capacity; and Jerry  )
Alexander, in his individual and official  )
capacity,  )
)
        Defendants.  )
_____)



     The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On March 31, 2008, the defendants filed a motion for summary judgment. On April 1, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

     As the plaintiff is proceeding *pro se*, the court filed a second order on May 8, 2008, giving the plaintiff an additional twenty days in which to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

George C. Kosko
United States Magistrate Judge

June 2, 2008

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).