UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Russell Kevin Watson, #305925, ) | C/A No.: 9:07-cv-4043-GRA-GCK |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | (Written Opinion) |
| South Carolina Department of Corrections; ) | |
| John Doe, in his individual and official ) | |
| capacity; Warden Tim Riley, ) | |
| in his individual and official capacity; ) | |
| J.C. Counts, in his individual and ) | |
| official capacity; and Jerry Alexander, ) | |
| in his individual and official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on June 2, 2008. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983. The magistrate now recommends that this Court dismiss the plaintiff's complaint for failure to prosecute. For the reasons stated herein, this Court adopts the magistrate's recommendation.

## Procedural History

On December 18, 2007, the plaintiff filed the instant suit for violations of various constitutional rights. On March 31, 2008, the defendants filed a motion for summary judgment. One day later, the magistrate issued an order pursuant to *Rosboro*

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff about the summary judgment procedure and consequences if he failed to respond. Plaintiff did not respond. On May 8, 2008, the magistrate issued a second order giving the plaintiff until May 28, 2008 to file his response to the motion for summary judgment and warning the plaintiff of the failure to respond. Plaintiff did not respond.

The magistrate recommends dismissing this suit pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with orders of the Court.

### Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff did not file any objections.

## Conclusion

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July  8 , 2008

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**